CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 30 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EFREN M. ISANAN, | ) |
| Petitioner, | ) Case No. 7:09CV00411 |
| v. | ) MEMORANDUM OPINION |
| GENE JOHNSON, DIRECTOR, | ) By: Glen E. Conrad |
| | ) United States District Judge |
| Respondent. | ) |

Petitioner Efren M. Isanan, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Isanan challenges the validity of his confinement pursuant to the 2006 judgment of the Circuit Court for Rockingham County under which he stands convicted of attempted first degree murder, malicious wounding, and using a firearm in the commission of a felony. The court conditionally filed the petition, notified Isanan that it appeared to be untimely filed, pursuant to 28 U.S.C. § 2244(d), and granted him an opportunity to provide additional information and argument on the timeliness issue. He has responded. Upon review of his submissions, however, the court finds that the petition must be dismissed as untimely filed.

## Background

In his petition and recent response to the court's conditional filing order, Isanan alleges the following facts about his state court proceedings. In January 2006, Isanan was newly immigrated to the United States from the Philippines and living with extended family members in Elkton, Virginia. He and his brother-in-law, Rolando Roy, had a misunderstanding, and Roy threatened to have a fist fight with Isanan. Roy then left, however, to take his daughter to work

and after he returned, he took a nap. While Roy was gone, Isanan, feeling threatened, got out a gun and kept it in his pants. Later in the day, he told Roy that they should "get started." He pointed the gun and asked if Roy "was saved." Then, he fired some shots at Roy, striking him in the arm. Roy wrestled the gun away from Isanan, and other family members grabbed Isanan and pinned him to the floor. He struggled to retrieve the gun, telling family members that he wanted to kill himself for what he had done. Later, calm once again, Isanan went outside with Roy to drive him to the hospital for treatment of his injuries. Just then, a police deputy arrived and told Isanan to lie down on the ground. The deputy handcuffed him and put him in the back seat of the police vehicle. An ambulance arrived shortly thereafter to take Roy to the hospital. Then the deputy took Isanan to the sheriff's office, where he was booked and jailed. The deputy and another officer questioned Isanan, and he made a confession. (Hab. Pet. Ex. 1.)

A Rockingham County grand jury returned indictments on May 19, 2006, charging Isanan with attempted first degree murder, malicious wounding, and use of a firearm in the commission of a felony. Isanan's court-appointed attorney moved to have his client undergo a psychiatric evaluation. He was found competent to stand trial. On September 26, 2006, Isanan signed an agreement to enter an <u>Alford</u> plea as to all charges. The written form agreement included a waiver of the right to appeal the convictions. He was sentenced in the Rockingham County Circuit Court on November 17, 2006.

Isanan remained at the local jail for several months after sentencing. While there, although English is his second language, he earned his GED certificate. He alleges that he did not have access to a law library or to books in his native language. In April 2007, authorities transferred Isanan to Deep Meadow Correctional Center, where he worked in the kitchen and took a computer class and a Bible correspondence course. He tried to obtain some legal

materials at Deep Meadow from the library cart that came through the inmates' quarters, but he had no access to a law library and could not afford to buy any legal materials in his native language.

In July 2007, authorities transferred Isanan to Augusta Correctional Center. There, he was able to go to the law library, but was "shock[ed by] the volume of books filed in the shelves and [didn't] know where to begin." After a year of learning to do legal research in English, Isanan allegedly discovered for the first time that he had "a constitutional right to an appeal." Still struggling with English grammar, he filed a petition for a writ of habeas corpus in the Rockingham County Circuit Court on July 18, 2008.[1] The court denied the petition in October 2008, and Isanan appealed. The Supreme Court of Virginia dismissed his habeas appeal on June 25, 2009.

Isanan signed and dated his § 2254 petition on October 1, 2009, alleging the following grounds for relief:

1. Isanan's confession to police was involuntary, because he did not understand English well enough to understand the Miranda warnings and he was in an "unstable state of mind";

2. The indictment insufficiently notified petitioner of the elements of the charges against him;

3. Counsel provided ineffective assistance by (a) threatening him with a lengthy sentence if he did not plead guilty; (b) failing to evaluate or investigate the case before advising petitioner to plead guilty; (c) failing to object to the legality of the confession or the indictments; and (d) failing to bring relevant facts to the court's attention concerning petitioner's understanding of the legal proceedings.

---

[1] The victim did not file criminal charges against Isanan and submitted an affidavit in support of Isanan's state habeas petition, appealing for his release.

## Discussion

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A).[2] A conviction becomes final once the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, pursuant to 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." If the district court gives the defendant notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the petition. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Isanan's § 2254 petition is untimely under § 2244(d)(1)(A). The circuit court entered judgment against Isanan on November 17, 2006, and he then had thirty (30) days in which to file a notice of appeal to the Court of Appeals of Virginia. See Rule 5A:6(a) of the Rules of the Supreme Court of Virginia. He did not appeal. Therefore, his conviction became final for purposes of § 2244(d)(1) on December 18, 2006, when his opportunity to pursue a direct appeal expired. On that same day, the one-year period under § 2244(d)(1)(A) to file a § 2254 petition

---

[2] Under § 2244(d), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

began to run for Isanan; the filing period expired for him on December 18, 2006. Isanan filed his federal habeas petition, at the earliest, on October 1, 2009, well beyond the requisite one-year statute of limitations.[3] As a result, Isanan's petition is untimely under § 2244(d)(1)(A).

The one-year filing period under § 2244(d)(1)(A) had already expired by the time Isanan filed the state habeas petition in the Rockingham County Circuit Court on October 21, 2008. Therefore, the pendency of that petition and his subsequent appeal to the Supreme Court of Virginia did not toll the period of limitation pursuant to § 2244(d)(2). See Brown v. Langley, 348 F. Supp. 2d 533, 536 (M.D. N.C. 2004) ("[S]ubsequent motions or petitions cannot revive a period of limitation that has already run.").

Isanan asserts that the court should calculate his one-year federal limitation period under § 2244(d)(1)(D), based on the date when he first could have discovered the facts necessary to his habeas claims, based on his language difficulties, inexperience with legal matters, and lack of access to a law library for several months after his sentencing. None of these factors, however, prevented Isanan from "discovering" the facts on which his habeas claims are based. He knew at the time of his guilty plea the conditions under which he had given his confession and counsel's actions in representing him in the weeks leading to the guilty plea. Accordingly, he has shown no ground on which his § 2254 petition is timely filed under § 2244(d)(1)(D). Isanan does not allege facts on which he would be entitled to calculation of his filing period under subsections (B) or (C) of § 2244(d)(1).

---

[3] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his petition to prison officials for mailing. See Rule 3(d), Rules Governing §2254 Cases; Houston v. Lack, 487 U.S. 266 (1988). It appears that Isanan signed his petition on October 1, 2009. Accordingly, the court will assume for purposes of this opinion that he also "filed" on that date by delivering it to prison authorities for mailing.

Isanan also argues that the court should equitably toll the statutory filing period, based on his language difficulties and limited access to legal materials until he reached Augusta Correctional Center and could spend time in the law library. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Generally, a defendant seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

Under these principles, Isanan's alleged grounds for equitable tolling are insufficient to warrant application of the doctrine. Isanan's mere lack of knowledge as to a statutory deadline for filing for federal habeas relief and his unfamiliarity with the legal process do not support granting such extraordinary relief, as these shortcomings are not external to Isanan and were well known to him. See Harris, 209 F.3d at 330. His claims that he was not proficient enough in English to do legal research are belied by the fact that even while he was still housed in the local jail, he obtained his GED certificate. Common sense dictates that this accomplishment requires adequate proficiency in English. Moreover, his statement to police on the day of his arrest indicates that he spoke and understood English fairly well at that time.

No access to legal materials might, under some circumstances, constitute grounds for tolling. Isanan admits, however, that he had access to legal books while at the jail and at Deep Meadow and does not explain why he did not file requests to obtain such books. His allegations offer no support for tolling any of the period when he was incarcerated at Augusta Correctional

Center with access to a law library. Even if the court, in an abundance of caution, were to toll the federal filing period from the date on which his conviction became final until his transfer to Augusta in July 2007, he allowed more than eleven months of his one-year period to expire before he filed his state habeas petition. While the filing period in this scenario would have been tolled during the pendency of his state habeas proceedings—July 18, 2008 to June 25, 2009, when the Supreme Court of Virginia dismissed his habeas appeal, Isanan then waited an additional three months before filing his federal habeas petition in October 2009. In short, even with equitable tolling applied until July 2007, Isanan's petition was late.

## Conclusion

For the stated reasons, the court concludes that Isanan's §2254 petition must be summarily dismissed as untimely filed, pursuant to § 2244(d).[4] An appropriate order will issue this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United

---

[4] Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition where it is clear from the face of the petitioner's submissions that he is not entitled to relief.

States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 30th day of October, 2009.

                                               United States District Judge